# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 7 |
| Debtor. | Hon. Jacqueline P. Cox |
| **GUS A PALOIAN**, not individually, but solely in his capacity as the duly-appointed Trustee for the estate of Robert M. Kowalski, | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| **BYLINE BANK,** | |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Gus A. Paloian, not individually, but solely as Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate ("Estate") of Robert M. Kowalski ("Debtor"), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Northern District of Illinois Local Rule 40.3.1.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### PARTIES

4. Plaintiff is the Trustee of the Estate. (Dkt. Nos. 275; 281).

56041544v.5

5. Byline Bank is a bank chartered by the State of Illinois that conducts business in Chicago, Illinois.

6. Byline Bank is headquartered in Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

**A.    Debtor's Bankruptcy Case.**

7. On March 29, 2018 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Case").

8. Under 11 U.S.C. § 362(a), an automatic stay took immediate effect upon filing of the Bankruptcy Case.

9. On July 26, 2018, the Court entered an Order authorizing the appointment of a Chapter 11 Trustee . (Dkt. No. 95).

10. On August 7, 2018, the Court entered an Order approving Plaintiff's appointment as Chapter 11 Trustee for the Estate. (Dkt. No. 106).

**B.    Trustee's Letter to Byline Bank.**

11. On August 22, 2018, Trustee sent a letter to Byline Bank informing Byline Bank about the Bankruptcy Case. ("August 2018 Letter"). A copy of the letter is attached here as Exhibit 1.

12. In the August 2018 Letter, Trustee requested a freeze of all Byline Bank accounts of limited liability companies connected to the Debtor.

13. In the August 2018 Letter, Trustee specifically named Piorun Properties, LLC, Indomitable, LLC and Invincible, LLC.

14. Piorun Properties, LLC had a bank account at Byline Bank.

15. Debtor was the sole signatory and sole individual connected to the Piorun Properties, LLC bank account.

2

16. Indomitable, LLC had a bank account at Byline Bank.

17. Debtor was the sole signatory and sole individual connected to the Indomitable, LLC bank account.

18. Burros Blancos, LLC had a bank account at Byline Bank.

19. Debtor was the sole signatory and sole individual connected to the Burros Blancos, LLC bank account.

C. **Outstanding Byline Bank Cashier's Checks**.

20. As of August 22, 2018, Robert Kowalski had procured from Byline Bank the following Cashier's Checks which remained outstanding:

| Cashier's Check No. | Date of Byline Bank Cashier's Check* | Amount | Date of Deposit of Byline Bank Cashier's Checks into IOLTA Account |
|---|---|---|---|
| 10227031 | 12/22/17 | 20,000.00 | 8/31/2018 |
| 10227076 | 1/30/2018 | 10,000.00 | 9/6/2018 |
| 10227075 | 1/29/2018 | 5,000.00 | 9/7/2018 |
| 10224264 | 1/31/2018 | 10,000.00 | 9/7/2018 |
| 10224265 | 1/31/2018 | 10,000.00 | 9/7/2018 |
| 10227079 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227077 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227078 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227082 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227083 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227084 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227137 | 2/28/2018 | 15,000.00 | 9/12/2018 |
| 10227085 | 2/1/12018 | 10,000.00 | 9/12/2018 |
| 10227104 | 2/1/2018 | 10,000.00 | 9/12/2018 |
| 10227086 | 2/15/2018 | 11,500.00 | 9/12/2018 |
| 10227154 | 3/13/2018 | 15,000.00 | 9/14/2018 |
| 10227136 | 2/28/2018 | 10,000.00 | 9/14/2018 |
| 10227139 | 2/28/2018 | 5,000.00 | 9/17/2018 |
| 10227138 | 2/28/2018 | 7,500.00 | 9/17/2018 |
| 10227216 | 4/18/2018 | 15,000.00 | 9/17/2018 |
| 10227156 | 3/13/2018 | 7,480.00 | 9/20/2018 |
| 10227153 | 3/13/2018 | 7,500.00 | 9/20/2018 |
| 10227155 | 3/13/2018 | 7,500.00 | 9/20/2018 |
| 10227171 | 3/26/2018 | 5,000.00 | 9/21/2018 |
| 10227172 | 3/26/2018 | 5,000.00 | 9/21/2018 |

56041544v.5

| | | | |
|---|---|---|---|
| 10227160 | 3/19/2018 | 6,500.00 | 9/21/2018 |
| 10227135 | 2/28/2018 | 7,000.00 | 9/21/2018 |
| 10227224 | 4/24/2018 | 4,500.00 | 9/27/2018 |
| 10227223 | 4/24/2018 | 4,500.00 | 9/27/2018 |
| 10227181 | 3/28/2018 | 3,700.00 | 9/27/2018 |
| 10227289 | 6/12/2018 | 5,902.00 | 9/27/2018 |
| 10227384 | 8/13/2018 | 64,084.35 | 9/28/2018 |
| 10226873 | 9/14/2017 | 2,000.00 | 10/5/2018 |
| 10226874 | 9/14/2017 | 2,000.00 | 10/5/2018 |
| 10226853 | 8/31/2017 | 2,500.00 | 10/5/2018 |
| 10227385 | 8/13/2018 | 3,000.00 | 10/25/18 |
| **36** | | **352,166.35** | |

21.     All Byline Bank cashier's checks identified above (collectively, "Byline Bank Cashier's Checks") indicated that the remitterer was "Robert Kowalski."

22.     Byline Bank Cashier's Checks indicated that they were payable to "Robert Kowalski."

23.     As of August 22, 2018, Byline Bank owed Robert Kowalski the sum of not less than $352,166.35 as represented by the Byline Bank Cashier's Checks.

24.     Byline Bank owed Robert Kowalski not less than $354,166.35 until the respective date of deposits of the Byline Bank Cashier's Checks.

25.     Byline Bank Cashier's Checks were property of the Estate.

26.     Byline Bank had the ability to deny payment to Robert Kowalski on the Byline Bank Cashier's Checks.

27.     Byline Bank had notice of the Bankruptcy Case before any of Byline Bank Cashier's Checks were deposited.

28.     Byline Bank knew or should have known that Byline Bank Cashier's Checks remained outstanding.

4

**D.    Post-petition negotiation of Byline Bank cashier's checks at Jan Kowalski's Bank of America Trust Account.**

29.    After the Petition Date, Byline Bank Cashier's Checks were deposited at a Bank of America account on the respective dates indicated in paragraph 21.

30.    Byline Bank's Cashier's Checks' funds were deposited in Jan Kowalski's Bank of America Client Trust Account ending in 7233 ("Jan Kowalski IOLTA Account").

31.    Byline Bank Cashier's Checks were deposited following Byline Bank's receipt of the August 2018 Letter.

32.    Byline Bank did not inform Trustee about the existence of the Byline Bank Cashier's Checks and did not inform the Trustee of their later deposit in the Jan Kowalski IOLTA Account.

33.    Byline Bank failed to take reasonable steps to prevent the disbursements of funds for Byline Bank Cashier's Checks.

34.    Byline Bank maintained control over the funds for Byline Bank Cashier's Checks.

35.    Byline Bank Cashier's Checks were honored by Byline Bank following notice of the bankruptcy case.

36.    Byline Bank released funds for all Byline Bank Cashier's Checks.

37.    The Estate suffered a loss of $352,166.35 in Estate funds by Byline Bank's disbursement of funds for Byline Bank Cashier's Checks.

38.    Robert Kowalski has been indicted by the United States of America for bankruptcy fraud.

39.    Jan Kowalski has been indicted by the United States of America for bankruptcy fraud.

**E.    Acceptance of Unendorsed Cashier's Checks and Release of funds for unendorsed checks.**

40.   Byline Bank cashier's check number 10227076 was the only Byline Bank Cashier's Check identified in paragraph 21 that was endorsed by Debtor when it was presented to Bank of America for deposit.

41.   The remaining thirty five (35) of the thirty six (36) Byline Bank Cashier's Checks identified in paragraph 21 remained unendorsed by Debtor, or anyone else, when presented for deposit at Bank of America.

42.   Bank of America accepted deposit of thirty five Byline Bank Cashier's Checks without the Debtor's endorsement.

43.   Byline Bank released funds for thirty five Byline Bank Cashier's Checks without the Debtor's endorsement.

44.   The Estate suffered a loss of $352,166.35 in Estate funds by Byline Bank's disbursement of funds for Byline Bank Cashier's Checks to Jan Kowalski.

## COUNT I

## VIOLATION OF THE AUTOMATIC STAY

45.   Plaintiff restates and re-alleges paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.   Byline Bank Cashier's Checks were property of the Estate pursuant to 11 U.S.C. § 541.

47.   Section 362(a) of the Bankruptcy Code automatically stays any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

48. Byline Bank exercised control over property of the Estate by disbursing funds for the Byline Bank Cashier's Checks.

49. The funds for Byline Bank Cashier's Checks were disbursed following the Petition Date.

50. Byline Bank had notice of the Bankruptcy Case at the time the funds were disbursed.

51. The Estate suffered damages in the amount $352,166.35 by Byline Bank's disbursement of funds for Byline Bank Cashier's Checks.

52. The Estate continues to suffer damages in recovery of the funds disbursed for Byline Bank Cashier's Checks.

53. The Estate's damages includes reasonable attorney's fees and costs.

54. Under 11 U.S.C. § 105, the Trustee may recover damages from a violation of the automatic stay through a finding of civil contempt.

55. Under 11 U.S.C. §362(k), the Trustee may recover damages for a violation of the automatic stay.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Trustee and against Byline Bank in the amount of $352,166.30 and reasonable attorney's fees expended to recover the funds.

## COUNT II

## CONVERSION

56. Plaintiff restates and re-alleges paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Byline Bank Cashier's Checks were property of the Estate.

58. Robert Kowalski was the payee for the Byline Bank Cashier's Checks.

7

59. Robert Kowalski endorsed only one of the thirty six checks outlined in paragraph 21.

60. Byline Bank released funds for thirty five unendorsed Byline Bank Cashier's Checks.

61. The Estate had an absolute and unconditional right to immediate possession of the $352,166.35 of Estate funds disbursed by Byline Bank.

62. Byline Bank assumed control or dominion over the $352,166.35 by accepting and releasing funds to Jan Kowalski's IOLTA Account.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Trustee and against Byline Bank in the amount of $352,166.30.

## COUNT III

## TURNOVER OF PROPERTY OF THE ESTATE

63. Plaintiff restates and re-alleges paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. By August 22, 2018, Byline Bank knew or should have known that Byline Bank Cashier's Checks purchased by Debtor, payable to Debtor and remitted by Debtor remained outstanding.

65. On or around August 22, 2018, Byline Bank knew or should have known that the Estate had an interest in funds in the amount $352,166.30 for the outstanding Byline Bank Cashier's Checks.

66. On or around August 22, 2018, Byline Bank knew that the Bankruptcy Case was pending.

67. Byline Bank assumed control and dominion over the $352,166.30 in Estate funds by disbursing it to the Jan Kowalski IOLTA Account.

68. Thirty five (35) of the thirty six (36) Byline Bank Cashier's Checks were unendorsed.

69. Byline Bank had possession, custody or control of the Byline Bank Cashier's Checks' funds.

70. During the Bankruptcy Case, Byline Bank released funds for all Byline Bank Cashier's Checks.

71. At time Byline Bank released the funds, it had knowledge of the Bankruptcy Case.

72. Byline Bank disbursed the Byline Bank Cashier's Checks' funds without informing Trustee.

73. The Estate suffered damages in the amount $352,166.35 by Byline Bank's disbursement of funds for Byline Bank Cashier's Checks.

74. Under U.S.C. § 542, the Trustee can avoid unauthorized transfers of Estate property that occurred after the Petition Date.

75. Under U.S.C. § 550, the Trustee can recover the value of the transferred property from the initial or subsequent transferee.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Trustee and against Byline Bank in the amount of $352,166.30.

Dated: April 27, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha

Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

10

56041544v.5